3 Dec.
697

## PARTIES.

[Hamilton Circuit Court, February, 1894.]

HERBERT v. BUILDING AND DEPOSIT ASSOCIATION ET AL.

ADMINISTRATOR OF THE ASSIGNEE AS A PARTY.

The administrator of the assignee of a claim is a proper party in an action to recover on the claim.

The plaintiffs, in these cases, sued to recover the value of shares in the defendant building association, which they claim were transferred to them by Eliza Lloyd, now deceased. The parties made defendant were the building association and Frank Bowles, administrator of Eliza Lloyd. The building association answered, admitting that it had in its possession money belonging to Eliza Lloyd, and asking the direction of the court as to whom it should be paid. The administrator answered, denying that Eliza Lloyd transferred her shares in the defendant association to the plaintiffs, as alleged by them. The court below dismissed the administrator, as not a proper party to the suit, and on the issue joined between the plaintiffs and the building association found for the latter. The hearing in the circuit court was on error. The opinion is as follows:

SWING, J.

"These causes should be reversed. The only issue joined, and the only proper issue to be joined, was between the plaintiff and Bowles, the administrator. The building association had no reason to contest the matter. It stood willing to pay to the proper owners the amounts due. The administrator and the other parties claimed to be the rightful owners. The issue was between them, and the administrator was not only a proper party, but the real party in interest, and the judgment should have been either for or against either of these parties; but the court found that the administrator was not a proper party, and dismissed his answer and cross-petition. When this was done it left no issue to try between the plaintiff and the building association. The plaintiff's petition then stood without a denial as to their allegations, and judgments should have been rendered in their favor. But the court found for the building association on the issues joined between it and the plaintiff, when in fact there were no issues joined. This was error, in our judgment, and the judgments should be reversed, and the causes remanded for further proceedings."

*George B. Goodhart* and *Matthews & Cleveland*, for Plaintiffs in Error.

*P. W. Francis* and *Hollister & Hollister*, for the Administrator.